Paine v. Frost et al.

PAINE v. FROST ET AL.

1. Mistake in Payment: EVIDENCE. The evidence in this case considered (but not set out in the opinion) and held to warrant the judgment of the trial court based upon a finding of mistake in the payment of money.

2. Practice in Supreme Court: ARGUMENT: STATEMENTS OUTSIDE OF RECORD: DISTRICT JUDGE ASSAILED: COUNSEL CENSURED. One of the counsel in this cause is censured for making in his argument in this court a statement of alleged facts, outside of the record, and claiming that they impeach the judicial conduct of the district judge who tried the case below.

*Appeal from Carroll District Court.*

FRIDAY, OCTOBER 23.

ACTION in equity to correct certain alleged mistakes. There was a decree for the plaintiff. The defendants appeal.

*F. M. Powers,* for appellants, G. W. and J. M. Frost.

*M. W. Beach* and *F. M. Davenport,* for appellant, H. W. Davenport.

*George W. Paine, pro se.*

ADAMS, J.—The defendant Davenport became indebted to the defendant J. M. Frost, who was indebted to the defend-

1. MISTAKE in payment: evidence. ant George W. Frost. Davenport was also indebted to one Culbertson. For the purpose of paying his indebtedness he engaged the plaintiff to assist him by making to him a loan of so much money as might be necessary for such purpose. Money by way of loan to Davenport was paid by plaintiff to Culbertson and to J. M. Frost, and to George W. Frost as creditor of J. M: Frost, which latter payment was to operate as a payment .of Davenport's debt to J. M. Frost.

The plaintiff avers in substance that, through the carelessness and fault of Davenport, he paid both the Frosts more than they were entitled to receive.

The court found that mistakes were made in the payment of money by the plaintiff, and that they had occurred through Davenport's fault, and to correct the mistakes it rendered judgment in the plaintiff's favor against J. M. Frost for $147.67, and against George W. Frost for $591.70, and against Davenport for $71.46, and decreed, also, that Davenport should be secondarily liable for the amount found due the Frosts.

It seems to be undisputed that some mistakes were made, but as to the extent of the mistakes, and as to whether they were corrected or not, the evidence is complicated and conflicting. We cannot say that it is entirely certain as to what the fact is, but we have all reached the conclusion, upon a separate reading of the evidence, that the decree of the district court should be affirmed. In passing upon questions of fact, where the evidence is conflicting, we are not accustomed to set it out, but to state merely the conclusion which we reach.

One matter remains to be noticed. Mr. F. M. Davenport in his argument makes a statement of facts outside of the rec-

**2. PRACTICE in supreme court: argument: statements outside of record: district judge assailed: counsel censured.** ord, and claims that they impeach the judicial conduct of the district judge who tried the case. We cannot recognize such statement as true, nor properly allow ourselves to be influenced in the least by it, as the counsel well knows. It follows that he has addressed to this court improper considerations, and our self respect, as well as due regard to the proper administration of justice, requires that we should say this, and express our disapproval.

The decree of the district court is

AFFIRMED.